THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ADRIENE PELESS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 2:24-cv-558 |
| | § | |
| | § | JURY DEMANDED |
| | § | |
| CHEROKEE DIRECTIONAL | § | |
| DRILLING, INC. | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Adriene Peless hereby files this, her Original Complaint, against Defendant, Cherokee Directional Drilling, Inc. for violating federal and Texas law. The causes of action and summary of claims relating thereto are addressed below:

### I.   PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Adriene Peless ("Plaintiff" or "Peless") is currently a citizen and resident of Marshall, Texas.

2.   Defendant Cherokee Directional Drilling, Inc. ("Defendant" or "Cherokee") is a Texas corporation doing business at 8706 Highway 259 North, Longview, Texas 75605. Defendant may be served by delivering the summons and a copy of this Complaint on its registered agent for service, Kerry Holden at 8706 Highway 259 North, Longview, Texas 75605.

3.   Venue for the case is proper in the Marshall, Texas division.

4.   The acts alleged herein occurred in Longview, Texas.

5.   Jurisdiction is established pursuant to 28 U.S.C. §1331 – federal question jurisdiction.

6.    On November 13, 2023, Peless filed her Charge of Discrimination with the EEOC alleging disability discrimination under Federal law which was dual filed with the Texas Workforce Commission – Human Rights Division. On May 2, 2024, the EEOC issued a right to sue letter. This case is filed within 90 days of the issuance of Plaintiff's right to sue letter.

## II.    FACTUAL BACKGROUND

7.    Plaintiff Peless was employed by Cherokee Directional Drilling in Longview, Texas from September 13, 2022 until she was terminated on August 25, 2023. Plaintiff Peless was employed as a job cost coordinator and was paid on a salary basis.

8.    On July 21, 2023 Plaintiff Peless tripped over a box at the copy machine and dislocated her left shoulder and chipped the bone in her shoulder.  An ambulance was called to the office.  Peless was taken to Good Shepherd Hospital in Longview where she was treated and had her put shoulder back in place. Peless was released with a prescription for pain medication.

9.    Peless was off work that week and when taking a shower, dislocated her shoulder again.  Peless again went to the ER where her shoulder was again put back in place.

10.    Thereafter Peless returned to work, with her supervisor taking me to and from work since she was unable to drive. Peless worked for about 4 hours as she could tolerate.

11.    Kerry Holden is the owner of Cherokee. Holden told Peless that he did not want to file a worker's compensation claim for her shoulder injury.  Shirly Bruso (Kerry Holden's sister) said he would pay $20,000 plus medical to not file a claim.

12.    Peless was asked to get a doctor's note for her employee file from my doctor, Dr. Littlejohn.  On August 17, 2023, Peless got a note from her doctor which placed restrictions on her work duties which she took to Cherokee.

13.    On August 21, 2023 Peless worked ½ a day, was off on the 22nd. Peless called in to miss work on the 23rd and 24th  because of the pain in her shoulder.  Peless went back to work on

the 25th.

14.     Cherokee called Peless' doctor's office asking about her restrictions.  Peless' doctor required that Cherokee send a letter requesting what was needed along with Peless' job duties listed.  Cherokee sent in a letter Peless' with half of her job duties listed and stated that Peless was required to work more than 3 days a week.  Peless' doctor sent back a letter stating that she had no restrictions; however, the doctor's note and the doctor's letter stated two different things. After speaking with the nurse at Dr. Littlejohn's office and obtaining the letter that Cherokee sent Peless discovered that Cherokee had misrepresented her job responsibilities to the doctor in order to obtain a full release for her.  Peless also determined that Cherokee employees had communicated directly with her physician's office to obtain a full duty release. Soon thereafter Peless received a call from her supervisor informing her that she was terminated for 'cursing at the owner.'

15.     On November 13, 2023, Peless filed her Charge of Discrimination with the EEOC alleging disability discrimination under Federal law which was dual filed with the Texas Workforce Commission – Human Rights Division. On May 2, 2024 , the EEOC issued a right to sue letter. This case is filed within 90 days of the issuance of Plaintiff's right to sue letter.

### III.     CAUSES OF ACTION

#### A.     Americans with Disabilities Act/Chapter 21 of the Texas Labor Code

16.     Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff.  42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

17.     Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

18.    Defendant is an employer under the ADA and the TCHRA.

19.    Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination.  Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability and was regarded by the Defendant as a person with a disability.

20.    Plaintiff was meeting her employer's expectations.

21.    Plaintiff was terminated as a direct result of her actual or perceived disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

22.    Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her actual or perceived disability by terminating Plaintiff's employment.  Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment.  Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

23.    Plaintiff also alleges that Defendant failed to reasonably accommodate her need for restricted duty while she recovered from her shoulder injury.

### B.    Chapter 451 of the Texas Labor Code

24.    Plaintiff would show that Defendant discharged her and discriminated against her in violation of § 451.001 of the Texas Labor Code because she reported an on-the-job injury and filed a claim for workers compensation benefits.  Plaintiff would show that Defendant would not have terminated her employment when it did, had Plaintiff not engaged in an activity protected under § 451.001 of the Texas Labor Code.

## IV.   DAMAGES

25.   As a result of Defendant's violations of the law described herein, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

26.   As a result of this willful and malicious violation of the law described herein, Plaintiff requests that she be awarded all damages, to which she is entitled, including punitive damages.  Plaintiff also requests any additional equitable relief to which she is entitled.

27.   Plaintiff also requests reasonable attorney's fees and court costs.

## V.   JURY DEMAND

28.   Plaintiff requests a jury trial on all claims.

## VI.   PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a.   Judgment against Defendant for Plaintiff's actual economic and compensatory damages, including lost wages and benefits (both back pay and front pay), in an amount to be determined;

b.   Judgment against Defendant for punitive damages for the maximum amount allowed by law;

c.   An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the law;

d.   Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e.   Costs of suit, including attorney's fees;

f.   The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone and Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF